**JIM TAYLOR CORPORATION, a Florida corporation, Jim Taylor–Brevard, Inc., a Florida corporation, and St. Petersburg Beverage Company, Plaintiffs,**

v.

**GUINNESS IMPORT COMPANY, a foreign corporation, as successors in interest to All Brand Importers, Inc., a New York corporation, Defendant.**

No. 94–1297–CIV–ORL–22.

United States District Court,
M.D. Florida.
Orlando Division.

July 11, 1995.

T. Kevin Knight, David H. Simmons, Drage, de Beaubien, Knight, Simmons, Romano & Neal, Orlando, FL, for plaintiffs.

Richard Michael Blau, Holland & Knight, Tampa, FL, Raymond Ehrlich, Holland & Knight, Jacksonville, FL, Cynthia Jane Brennan, Holland & Knight, Orlando, FL, for defendant.

## *ORDER*

CONWAY, District Judge.

This cause comes before the Court on Plaintiffs' Motion for Summary Judgment (Dkt. 14) and Defendant's Motion for Partial Summary Judgment (Dkt. 23).

## I. INTRODUCTION

The Defendant, Guinness Import Company ("GIC"), is a beer manufacturer. The Plaintiffs, Jim Taylor Corporation, Jim Taylor Brevard, Inc., and St. Petersburg Beverage Company, are local beer distributors in the State of Florida.

In 1989 the Plaintiffs each entered into a separate agreement with GIC to distribute beer in different counties in Florida. Each of these agreements identified the specific geographical territories and the brands of beer which were covered by the distributorship arrangement. But for the geographical specifications these distributorship agreements were identical in all respects, and each of the Plaintiffs' distributorship arrangements covered the same brands of beer. Among the beers listed in the agreements were brands titled "Moosehead" and "Moosehead Light."

In 1994 GIC undertook to introduce a new brand of beer into Florida by the name of "Moosehead Canadian Ice."[1] As part of its

---

1. For the purposes of this motion the Court treats Moosehead Canadian Ice as a distinct brand of beer. The Court notes that the Plaintiffs refer in their Complaint to Moosehead Canadian Ice as a "new product" and that GIC refers to Moosehead Canadian Ice as if it were a separate brand of beer. Moreover, the Court observes that the State of Florida issued a separate brand number for Moosehead Canadian Ice Beer. The Court's position is further supported by the fact that the distributorship agreements between the parties list "Moosehead" and "Moosehead Light" as separate products. Just as "Moosehead Light" is distinct from "Moose-

introduction efforts, GIC considered employing distributors other than the Plaintiffs to market and sell Moosehead Canadian Ice. The Plaintiffs took the position, and so informed GIC, that Florida law required GIC to first offer distributorship rights for Moosehead Canadian Ice to the Plaintiffs, since they were already distributors for GIC products. GIC rejected the Plaintiffs' position. The Plaintiffs allege that GIC thereafter delayed the introduction of Moosehead Canadian Ice beer into Florida. The Plaintiffs also allege that in the latter half of 1994 GIC sent an overshipment of Moosehead product to the Plaintiffs, and that unauthorized orders for GIC products were placed on behalf of the Plaintiffs.

The Plaintiffs further allege that GIC has distributed Moosehead Canadian Ice in Florida by arrangement with other beer distributors within the Plaintiffs' exclusive distribution territories. The Plaintiffs claim that GIC's conduct violates Florida statutory law and constitutes a breach of the distributorship agreements, and that the Plaintiffs are entitled in the alternative to damages under theories of unjust enrichment and quantum meruit. GIC has filed counterclaims against the Plaintiffs for bad faith conduct in violation of Florida statute and breach of contract.

The parties have filed cross-motions for summary judgment with regard to the Plaintiffs' claims. For the reasons discussed below, the Defendant's motion is granted in part and denied in part, and the Plaintiffs' motion is denied.

## II. ANALYSIS

Summary judgment is appropriate when the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

### A. Defendant GIC's motion for partial summary judgment

GIC moves for partial summary judgment on Plaintiffs' statutory and breach of contract claims, on the ground that GIC had no legal or contractual obligation to offer the Plaintiffs the right to distribute Moosehead Canadian Ice beer in Florida markets. As to the Plaintiffs' remaining statutory claims, GIC concedes that there are disputed material issues of fact, but that these claims should be dismissed as *de minimis*. GIC also moves for summary judgment on Plaintiffs' unjust enrichment and quantum meruit counts.

### 1. Plaintiffs "right" to distribute Moosehead Canadian Ice

The crux of the Plaintiffs' claim against GIC is that GIC was obligated by Florida law to offer the distribution rights for Moosehead Canadian Ice to the Plaintiffs, since they were already GIC distributors. Thus the critical question in resolving GIC's motion for summary judgment may be expressed as follows: "Is a manufacturer of malt beverages first required to offer the distributing rights for any new brands of their products to their existing distributors/franchisees?" The Court concludes, after considering Florida law, that this question must be answered in the negative.

At the outset, the Court recognizes that there is no Florida statutory provision or case law which speaks directly to this issue. The relevant statutory provision on which the Plaintiffs rely is Fla.Stat.Ann. § 563.022(2)(c) (West Supp.1995), which states that "Franchise" means a contract or agreement ... in which a manufacturer grants to a beer distributor the right to purchase, resell, and distribute any brand or brands offered by the manufacturer." The Plaintiffs interpret the term "any" to mean "every," so that a distribution agreement would apply to all beers subsequently produced by the manufacturer. The Plaintiffs refer to such new brands of beer as "brand extensions."

■ The Court finds that a plain reading of Florida's statutory scheme for regulating beer distribution contradicts the Plaintiffs' interpretation. Subsection 563.021, which immediately precedes the subsection quoted above, deals with the establishment of exclusive sales territories for beer distributors. Specifically, this subsection provides:

head," so to would "Moosehead Canadian Ice"   be distinct from simply "Moosehead."

The restricted exclusive sales territory shall be mutually agreed upon by the manufacturer or importer and each distributor, and shall be embodied in a formal written agreement ... which agreement shall designate the specified brand or brands for which the territory is granted and set forth the exact geographical area of the territory. Where a manufacturer or importer sells several brands, the agreement may apply to all brands sold by the manufacturer or importer or may apply to one brand or several brands so long as each brand is covered by an exclusive territorial agreement.

Fla.Stat.Ann. § 563.021(1) (West Supp.1995). The Florida statutory scheme contemplates that a beer manufacturer may choose not to include all its beer brands within a single distribution agreement, but rather may agree to employ a distributor for only one or some of the manufacturer's beers. Thus the import of this passage is that a beer manufacturer or importer who carries several brands of beer is not obligated to extend distribution rights for each and every brand to a single distributor.

■ In the case at bar, the Plaintiffs argue that Florida's malt beverage law required GIC to offer Plaintiffs the distribution rights for Moosehead Canadian Ice Beer. The Plaintiffs assert that they were entitled to this distributorship because they were already distributors of GIC beer products. Since a beer manufacturer is under no statutory obligation to offer distribution rights for all its brands to a single distributor, there is no reason to believe that the Florida Legislature intended to compel a beer manufacturer to use any particular distributor when deciding whether or how to distribute new brands of beer. Consequently, the Court cannot find any justification for imposing upon GIC a statutory obligation to offer to the Plaintiffs distribution rights for Moosehead Canadian Ice Beer.

The Plaintiffs stress a number of policy considerations which they argue support their position that a beer manufacturer should be required to offer to pre-existing distributors the distribution rights for "brand extensions." The proper forum in which to raise these policy arguments is the Florida Legislature, not this Court.

### 2. Plaintiffs' claims for unjust enrichment and quantum meruit

GIC moves for summary judgment on Plaintiffs' counts of unjust enrichment and quantum meruit. The Court finds that there is an insufficient factual basis to support a ruling on these counts. The Court therefore denies GIC's motion for summary judgment as to these claims, with leave to refile when discovery has been completed.

### 3. Conclusion

The Plaintiffs claim that GIC was obligated by Florida statute to offer the distribution rights for Moosehead Canadian Ice Beer to the Plaintiffs by virtue of the fact that Plaintiffs were pre-existing distributors of GIC products. GIC's motion for partial summary judgment is granted with respect to this claim.

GIC's motion is denied with respect to the other issues raised in Plaintiffs' Complaint.

### B. Plaintiffs' motion for summary judgment

The Plaintiffs move for summary judgment on all four of their counts.

### 1. Count I: GIC's actions violated Florida Statutes, Chapter 563

■ The Plaintiffs move for summary judgment on the ground that several actions undertaken by GIC violated Florida law concerning the regulation of malt beverage sales and distribution. First, the Plaintiffs assert that GIC intended to distribute a new brand of beer without employing the Plaintiffs. As discussed above, this conduct in and of itself does not constitute a violation of Fla.Stat. Ann. § 563.022. Second, the Plaintiffs argue that GIC sought to terminate Plaintiff St. Petersburg Beverage Company as a GIC distributor as a concession for permitting the other Plaintiffs to distribute Moosehead Canadian Ice Beer. The Court finds that there are disputed issues of material fact on this point, and that summary judgment is therefore unwarranted at this stage.

Third, the Plaintiffs assert that GIC's decision to delay introduction of Moosehead Ca-

nadian Ice Beer into Florida was not made in good faith, but to coerce improper concessions from the Plaintiffs. The Court finds no evidence or legal support for the conclusion that GIC violated Chapter 563 in this way.

### 2. Count II: breach of distributorship agreements

The Plaintiffs claim that their distribution agreements with GIC incorporated the provisions of Chapter 563 of the Florida Statutes. The Plaintiffs argue from this that GIC's statutory violations were thus contractual violations as well, and that GIC's violation of Florida law therefore constituted a breach of the distribution agreements.

Since the Court has concluded that there is insufficient grounds at this stage for finding that GIC committed any statutory violations, the Court likewise concludes that it is premature to find that GIC breached its distributorship agreements with the Plaintiffs.

### 3. Counts III and IV: unjust enrichment and quantum meruit

As the Court has discussed above, there is an insufficient factual basis to support a ruling on these counts.

### 4. Conclusion

The Court has found in favor of GIC with respect to one of the Plaintiffs' theories of liability. As to the remaining claims, the Court finds that there is insufficient evidence in the record to support Plaintiffs' motion for summary judgment.

ACCORDINGLY it is **ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt. 14) is **DENIED**.

It is **FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment (Dkt. 23) is **GRANTED IN PART AND DENIED IN PART**, consistent with this Order.

The parties may refile motions for summary judgment when discovery has been completed.

DONE AND ORDERED.